```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Madalyn Fischer

   v.                                            Civil No. 11-cv-333-JD

Jeffrey Schapira


### REPORT AND RECOMMENDATION

Before the court for preliminary review is the complaint (doc. no. 1) and attached exhibits, filed by plaintiff, Madalyn Fischer.  Because Fischer is proceeding pro se and in forma pauperis, the matter is before the court for preliminary review.  See 28 U.S.C. § 1915(e); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

### Standard of Review

Under LR 4.3(d)(1)(B), when an in forma pauperis plaintiff commences an action pro se, the magistrate judge conducts a preliminary review.  The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is

frivolous or malicious. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B). In conducting a preliminary review, the court construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted). A claim consisting of little more than "allegations

that merely parrot the elements of the cause of action" may be dismissed.  Id.  The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible.  Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at ___, 129 S. Ct. at 1950 (citation omitted).  In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the

merits." Ocasio-Hernández, 640 F.3d at 13. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

### Background[1]

In a brief, handwritten complaint with exhibits (doc. no. 1), Fischer has asserted that defendant, Attorney Jeffrey Schapira of Manchester, New Hampshire, embezzled life insurance proceeds from her. Fischer asserts that Attorney Schapira was not her lawyer and had no right of access to her funds.

Fischer also asserts that she suffers from back problems, swelling in her legs, and varicose veins that require medical attention. Fischer asserts that her condition resulted from "state negligence."

### Discussion

Federal courts are "'courts of limited jurisdiction.'" Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.

---

[1] The claims identified herein are considered to be the claims asserted in the complaint (doc. no. 1). If plaintiff disagrees with this identification of her claims, she must properly file an objection to this report and recommendation, or a motion to amend the complaint.

375, 377 (1994)). The presumption is that a federal court lacks jurisdiction. Kokkonen, 511 U.S. at 377. Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it. Id.; K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1027 (9th Cir. 2011), cert. denied, 80 U.S.L.W. 3425 (U.S. Jan 17, 2012) (NO. 11-573). If the court lacks subject matter jurisdiction over the matter, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

"A plaintiff properly invokes [federal question] jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes [diversity] jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (quotation marks, footnote, and citation omitted). "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or 'is wholly insubstantial and frivolous.'" Arbaugh, 546 U.S. at 513 n.10 (citations omitted).

The factual allegations in the complaint do not give rise to any claim as to which this court has subject matter jurisdiction.  The embezzlement claim is not within this court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332, given that defendant and plaintiff are New Hampshire citizens, and the allegations that "state negligence" caused Fischer's leg and vein problems are insufficient to state any colorable claim of a violation of a federal right that would enable this court to exercise federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

## Conclusion

Because plaintiff has not shown that there is any basis upon which this court may exercise jurisdiction over the case, the court should dismiss the complaint for lack of subject matter jurisdiction, without prejudice to Fischer's filing the complaint in a state court of competent jurisdiction.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, ___ U.S. ___, 80 U.S.L.W. 3397

(U.S. Jan. 9, 2012) (No. 11-7382); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

```
                              _____
                              Landya McCafferty
                              United States Magistrate Judge
```

February 2, 2012

cc: Madalyn Fischer, pro se

LBM:nmd